**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TIME INSURANCE COMPANY** § | | **PLAINTIFF** |
| § | | |
| v. § | | **Civil Action No. 1:08cv16HSO-JMR** |
| § | | |
| **LARRYE J. WHITE** § | | **DEFENDANT** |
| | | |
| **LARRYE J.WHITE** § | | **THIRD-PARTY PLAINTIFF** |
| § | | |
| v. § | | |
| § | | |
| **ALBERT W. SMALL** § | | **THIRD-PARTY DEFENDANT** |

## ORDER AND REASONS GRANTING TIME INSURANCE COMPANY'S MOTION TO DISMISS THIRD-PARTY DEFENDANT ALBERT SMALL'S CROSS-CLAIM

BEFORE THE COURT is the Motion [39] of Plaintiff Time Insurance Company ("Time"), to Dismiss Third-Party Defendant Albert Small's Cross-claim, filed on or about August 18, 2008, in the above captioned cause. Third-Party Defendant Albert Small filed a Response [47] and Plaintiff filed a Reply [57]. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion should be granted.

### I. FACTUAL AND PROCEDURAL HISTORY

Invoking this Court's diversity jurisdiction, Plaintiff filed its Complaint on or about January 16, 2008, seeking a declaration of its contractual rights and obligations pursuant to a health insurance certificate issued to Defendant Larrye J. White. *See* Compl. ¶ 2. Defendant White answered on or about March 27, 2008,

-1-

asserting a Counterclaim against Time. *See* White's Answer and Countercl. On or about May 20, 2008, White filed a Third-Party Complaint against Albert W. Small, the insurance agent who procured the subject health insurance certificate. *See* Third-Party Compl. Small filed an Answer on or about June 25, 2008, asserting Counterclaims and/or Cross-claims against both White and Time for

> negligence, breach of contract, negligent misrepresentation, and other legal fault on the part of Time and White, which damages include (a) worry, anxiety and mental anguish, (b) legal fees and expenses, (c) loss of time and the inconvenience of unnecessary involvement in this suit, and (d) other such injuries, losses, expenses and damages which may appear in discovery or at trial.

Small's Countercl. and Cross-cl. ¶ 2.

In its Motion, Plaintiff seeks dismissal of Third-Party Defendant Small's claim against it on grounds that on or about July 22, 2003, Small entered into a General Agent Sales Agreement ("Agreement") with Fortis Insurance Company ("Fortis"), a predecessor of Time. *See* Pl.'s Mot. ¶ 5. Because the Agreement contains a forum-selection clause providing that the state and federal courts of the State of Wisconsin have exclusive jurisdiction and venue over claims arising under the Agreement, Plaintiff asserts that this Court lacks jurisdiction over Small's claim against it pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure. *See id.* ¶¶ 6-7

II. DISCUSSION

"The enforceability of a forum-selection clause is governed under federal law when jurisdiction is based on diversity." *Capacitive Deionization Technology Systems,*

*Inc. v. Water & Sand International Capital, Inc.,* No. 3:08cv0038, 2008 WL 2796071, at * 3 (N.D. Tex. April 21, 2008) (*citing Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 2005)).  A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  *Id. (quoting M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 20 (1972)).  Unreasonableness may be found where: (1) the forum-selection clause was incorporated into the agreement as a product of fraud or overreaching; (2) the party opposing enforcement of a forum-selection clause will be "deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the chosen law is fundamentally unfair in that it deprives the plaintiff of a remedy; or (4) enforcement of the forum-selection clause would contravene a strong public policy of the forum state.  *See Haynsworth*, 121 F. 3d at 962.

The forum-selection clause at issue here states that the Agreement between Fortis and Small "shall be governed by and construed in accordance with the laws of the state of Wisconsin...and the state and federal courts located in that state shall have exclusive jurisdiction over the parties for the purposes of adjudicating all disputes that may arise under [the] Agreement."  Agrmt. at p. 6, attached as Ex. "2" to Pl.'s Mot.  This Agreement is between "Fortis Insurance Company, by its current name or any new name or legal identity it may hold in the future...and Albert W. Small...."  *Id*. at p. 1.  There is no serious dispute that Time is a successor of Fortis.  Because Small was the insurance agent retained to procure the subject health insurance certificate, and because the factual allegations and averments contained in

the Third-Party Complaint, as well as those in Small's Counterclaim and Cross-claim, pertain to Small in this capacity, the Court is of the opinion that Small's claim against Time concerns a dispute that "arise[s] under [the] Agreement," and is therefore subject to the forum-selection clause.

As noted previously, a forum-selection clause will not be enforced where found "unreasonable" under the four factors articulated in *Haynsworth*. The party resisting enforcement on these grounds bears a "heavy burden of proof." *Haynsworth*, 121 F. 3d at 962 (*quoting Bremen*, 407 U.S. at 17). Small argues that the forum-selection clause is unreasonable since it is contained in a contract of adhesion. He also asserts that it would be unreasonable to uphold the clause pursuant to Rule 14(a)(2) of the Federal Rules of Civil Procedure. In the alternative, Small argues that Time has waived enforcement of the clause by filing this lawsuit in Mississippi.

The Court is aware that forum-selection clauses contained in form contracts are, as a general matter, "subject to judicial scrutiny for fundamental fairness." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). However, "[t]he mere fact that an agreement containing a forum-selection clause is a contract of adhesion does not render the clause unenforceable." *Rimkus Consulting Group, Inc. v. Rault Resources, Inc.,* No. H-07-1494, 2008 WL 901483, at * 6 (S.D. Tex. March 31, 2008) (*quoting Matthews v. Rescuecom Corp.*, No. 05-4834JEI, 2006 WL 414096, at *6 (3d Cir. Feb. 16, 2006)); *see also Carnival Cruise Lines,* 499 U.S. at 594 (holding that a forum-selection clause on the back of a cruise ticket was enforceable despite lack of bargaining over the terms of the clause); *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d

1207, 1219 (3d Cir. 1991) ("That there may not have been actual negotiations over the [forum-selection] clause does not affect its validity."); *Pugh v. Arrow Electronics, Inc.*, 304 F. Supp. 2d 890, 894 (N.D. Tex. 2003). Small has not provided sufficient evidence that the Agreement or clause was not negotiable or that he otherwise had no reasonable opportunity to bargain over its terms. *See Cleveland v. Mann*, 942 So. 2d 108, 116 (Miss. 2006)(defining adhesion contract under Mississippi law). Moreover, the clause was in clear and unambiguous language, was set apart in an enumerated paragraph, was not typed in fine print, and appeared in a document no more than eight pages in length. *See Estate of Dunn v. American Health Centers, Inc.*, No. 4:05cv114-D-B, 2006 WL 2701166, at * 3-4 (N.D. Miss. Sept. 18, 2006). Based upon the foregoing, the Court cannot find that the forum-selection clause was the product of fraud or overreaching, or that it is otherwise unreasonable.

Nor can the Court find that enforcement of the forum-selection clause is prohibited by Federal Rule of Civil Procedure Rule 14(a)(2):

> The person served with the summons and third-party complaint–the "third-party defendant":
>
> > (A) must assert any defense against the third-party plaintiff's claim under Rule 12;
> >
> > (B) must assert any counterclaim against the third-party plaintiff under Rule 13(a), and may assert any counterclaim against the third-party plaintiff under Rule 13(b) or any crossclaim against another third-party defendant under Rule 13(b) or any crossclaim against another third-party defendant under Rule 13(g);
> >
> > (C) may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim; and

> (D) may also assert against the plaintiff any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

FED. R. CIV. P. 14(a)(2).

According to Small, permitting this case to proceed in this Court while requiring him to file a separate lawsuit against Time in Wisconsin would eviscerate Rule 14(a)(2) as well as many of the other Federal Rules of Civil Procedure. *See* Resp. at p. 4-5. However, it is clear from a plain reading of Rule 14(a)(2)(D) that a third-party defendant *may*, not *must*, assert any claim against the original plaintiff arising out of the transaction or occurrence that is the subject matter of the original plaintiff's claim against the third-party plaintiff. Because Rule 14(a) does not require a third-party defendant to assert a claim against an original plaintiff, "it necessarily implies that he is free to assert that claim in a later action." *Nelson v. Corcoran*, 904 F.2d 710, at *2 n.2 (9th Cir. 1990); *see also Staffer v. Bouchard Transportation Co., Inc.*, 697 F. Supp. 765, 766 (S.D. N.Y. 1988). Since Time has not asserted any claim against Small, Small's claim against Time cannot be viewed as a compulsory counterclaim which would necessarily have to be asserted in this action pursuant to Rules 13(a) and 14(a)(3). *See* FED.R.CIV.P. 14(a)(3).

Small has not advanced any other compelling argument why the forum-selection clause is otherwise unreasonable. The record is insufficient to support the conclusion that Small would be "deprived of his day in court because of the grave inconvenience or unfairness of the selected forum." Nor does the record sufficiently establish that he would be deprived of a remedy under Wisconsin law, or that a strong

public policy of the forum state would be contravened. Without more, it is not enough to speculate that Wisconsin law may not allow for the enforcement of the forum-selection clause. Small, not Time, bears the ultimate burden of establishing the unreasonableness of the forum-selection clause, and that burden is a "heavy" one. *See Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 2005). There is nothing inherently unfair about bifurcating lawsuits where reasonable forum-selection clauses are in place between some, but not all, parties. *See Abbott v. Graves*, No. 07-454, 2008 WL 2355730, at * 2 (E.D. La. June 5, 2008) (dismissing, based upon a valid forum-selection clause, the third-party plaintiff's claim against the third-party defendant, and proceeding with the remainder of the case).

Nor is the Court persuaded that Time waived the forum-selection clause by filing its lawsuit against White in Mississippi. Both federal and state courts must have personal jurisdiction over the parties. *See Kuhn Knight, Inc. v. VMC Enterprises, Inc.*, 464 F. Supp. 2d 806, 811 (W.D. Wis. 2006) ("A federal court has personal jurisdiction over a non-consenting, nonresident defendant if a court of the state in which that court sits would have jurisdiction over the lawsuit."). Upon review of the pleadings and the health insurance certificate, there is no indication that White would have been subject to personal jurisdiction in Wisconsin.[1] *See id.* (setting forth

---

[1]Small has also asserted that Time waived the forum-selection clause by failing to plead it as a defense in its Answer to Small's Cross-claim. By Text Only Order dated November 18, 2008, Chief United States Magistrate John M. Roper granted Time's Motion to Amend its Answer. In its Amended Answer [79], filed on or about November 18, 2008, Time pled the subject forum-selection clause as an affirmative defense. The Court, having reviewed the record, is of the opinion that permitting the amendment was appropriate. Small's argument as to this issue is therefore moot.

the requirements for personal jurisdiction under Wisconsin law).

III.  CONCLUSION

For the foregoing reasons, the forum-selection clause in the Agreement is not unreasonable, barred by the Federal Rules of Civil Procedure, or otherwise waived by Time.  The Court finds that the subject clause should be enforced, and that Plaintiff's Motion should therefore be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [39] of Plaintiff Time Insurance Company ("Time"), to Dismiss Third-Party Defendant Albert Small's Cross-claim, filed in the above captioned cause on or about August 18, 2008, should be and is hereby **GRANTED**, and Small's Cross-claim against Time is hereby dismissed, without prejudice.

**SO ORDERED AND ADJUDGED**, this the 10th day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE