IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIME INSURANCE COMPANY** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:08cv16HSO-JMR |
| | § | |
| **LARRYE J. WHITE** | § | **DEFENDANT** |
| | | |
| **LARRYE J. WHITE** | § | **THIRD-PARTY PLAINTIFF** |
| | § | |
| v. | § | |
| | § | |
| **ALBERT W. SMALL** | § | **THIRD-PARTY DEFENDANT** |

**ORDER AND REASONS GRANTING TIME INSURANCE COMPANY'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

BEFORE THE COURT is the Motion [41] of Plaintiff Time Insurance Company ("Time"), for Judgment on the Pleadings, filed on or about August 18, 2008, in the above captioned cause. Third-Party Defendant Albert Small and Defendant Larrye J. White filed Responses [48, 58]. Plaintiff Time filed Replies [56, 59] to each Response. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Time's Motion should be granted.

I. FACTUAL AND PROCEDURAL HISTORY

Invoking this Court's diversity jurisdiction, Time filed its Complaint on or about January 16, 2008, seeking a declaration of its contractual rights and obligations pursuant to a health insurance certificate issued to Defendant Larrye J.

White.  *See* Compl. ¶ 2.  Defendant White answered on or about March 27, 2008, asserting a Counterclaim against Time which seeks, among other things, punitive damages and attorney's fees.  *See* White's Answer and Countercl.  On or about May 20, 2008, White filed a Third-Party Complaint against Albert W. Small, the insurance agent who procured the subject health insurance certificate.  *See* Third-Party Compl.  Small filed an Answer on or about June 25, 2008, asserting Counterclaims and/or Cross-claims against both White and Time.  By Order [85] dated December 10, 2008, the Court dismissed Small's claims against Time.  Time's claims against Defendant White, and the claims asserted between Defendant White and Third-Party Defendant Small, remain in this case.

In its Motion, Plaintiff Time seeks judgment on the pleadings and dismissal of White's Counterclaim, or in the alternative, partial judgment on White's Counterclaims for punitive damages and attorney's fees.[1]  Time argues that judgment in its favor is warranted since it has fulfilled its obligations under the terms of the health insurance certificate, which it claims limit payment for outpatient services to $2,500.00 per year.  In the alternative, Time seeks a judicial determination that the maximum benefits owed to White for a calendar year for all services are limited to $100,000.00.

---

[1] Time also seeks judgment on the pleadings on Small's claims asserted against it.  However, Small's claims against Time were dismissed by Order [85] dated December 10, 2008.  Time's Motion is therefore moot in this respect.

## II. DISCUSSION

A. Applicable Legal Standard

Any party may move for judgment on the pleadings after the pleadings are closed. FED. R. CIV. P. 12(c). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (*quoting St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (*citing Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). Generally the Court will not look beyond the face of the pleadings to determine whether dismissal is warranted under Rule 12. *See Resolution Trust Corp. v. Scott*, 887 F. Supp. 937, 940 (S.D. Miss. 1995). Where, however, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

Because jurisdiction in this case is based on diversity, the Court must apply state substantive law. *See Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938). The law of the forum state applies unless some other state has a more significant relationship to the occurrence or to the parties. *See Nationwide General Ins. Co. v. Perry*, 2 F. Supp. 2d 857, 860 (S.D. Miss. 1997). No party disputes that Mississippi law controls here.

B.  Health Insurance Certificate No. 0058461251

Time contends that White was issued health insurance certificate No. 0058461251, effective June 1, 2005.[2] *See* Compl. ¶ 9. The certificate is attached to Time's Complaint, and purportedly limits Time's liability for outpatient services to $2,500.00 a year. *See* Certificate, attached as Ex "A" to Pl.'s Compl. Both Small and White assert that certificate No. 0058461251 was not the one originally issued to White in June 2005, but that it was subsequently sent to White in 2007, after the original certificate was lost in Hurricane Katrina. *See* Small Aff. [49] in Opp'n to Mot.; *see also* White's Resp. at p. 2-5. Small and White argue that neither the application for insurance nor the original certificate contained outpatient services caps or calendar year limitations. *See* White Decl., attached as Ex. "1" to White's Resp.; *see also* Small Aff., attached as Ex. "2" to White's Resp. However, White's Answer admits that effective June 1, 2005, health insurance certificate No. 0058461251 was issued to him. He cannot now create a dispute of fact by submitting contrary evidence. *See* White's Answer ¶ 9.

"When a party in a lawsuit makes an admission in its pleadings or in its answer to a request for admissions, it makes a judicial admission that can determine the outcome of the lawsuit." *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) (*citing Murrey v. United States*, 73 F.3d 1448, 1455 (7th

---

[2] The certificate was issued by Fortis Insurance Company. There is no serious dispute that Fortis Insurance Company was the predecessor of Time. *See* White's Answer ¶ 5.

Cir. 1996)); *see also Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them."). "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Martinez*, 244 F.3d at 476; *see also Murrey*, 73 F.3d at 1455 ("A judicial admission trumps evidence."). It is conclusive and cannot be contradicted by affidavit or other evidence. *See id.* "Pleadings" are defined by Federal Rule of Civil Procedure Rule 7(a) and include a party's answer. *See Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir. 1984).

Paragraph 9 of White's Answer admitting the allegations of Paragraph 9 of Time's Complaint (*i.e.*, that "[e]ffective June 1, 2005, the Defendant was issued a health insurance certificate, No. 0058461251..."), is therefore conclusive and cannot be controverted by the affidavits submitted by Small or White. Based upon the law, there can be no dispute that health insurance certificate No. 0058461251 was issued to White, effective June 1, 2005.

C. <u>Extent of Time's Liability Under the Certificate</u>

The certificate contains a subsection entitled "Covered Medical Services." The introductory paragraph to the entire subsection states:

> Covered Medical Services include only Covered Charges for the services and supplies listed in this certificate. Charges are subject to all the terms, limits and conditions of this plan. After you have paid any Deductible or Copayment, we will pay benefits for Covered Charges at the Rate of Payment up to the Out-of-Pocket Limit and subject to the Calendar Year and Lifetime Maximum Benefit.

Certificate at "Covered Medical Services" p. 13, attached as Ex. "A" to Pl.'s Compl.

Twenty-four medical services are listed beneath the introductory paragraph as covered medical services. Twelve of the services state that they are "subject to the Outpatient Calendar Year Maximum," while the remaining twelve, including hospital services and healthcare practitioner services, do not contain explicit restrictions regarding the calendar year or lifetime maximum benefit limits. The Benefit Schedule found in the certificate limits payment for covered outpatient services to "$2,500 Maximum Benefit per Calendar Year for each Insured." *Id.* at "Benefit Schedule." It also limits the calendar year maximum benefit for each insured to $100,000.00, irrespective of the service provided. *See id.*

There is no serious dispute that White sought medical payments for treatment rendered pursuant to hospital services and healthcare practitioner services, and that those payments were denied as exceeding the $2,500.00 outpatient services cap. *See* Compl. ¶¶ 10-12; *see also* White's Opp'n at p. 7-8. Time asserts that its liability for these services is limited to $2,500.00 per calendar year on grounds that the services rendered were covered services subject to the $2,500.00 calendar year and $100,000.00 lifetime maximum benefit payment limitations. White argues that hospital services and healthcare practitioner services are not subject to the calendar year payment restriction since, unlike other covered services, the provisions make no specific, individual reference to the restriction. White maintains that payment for these services could instead be limited by the Rate of Payment schedule found in the Benefit Schedule, which limits payment for

-6-

in-network providers to 75% and out-of-network providers to 55%, irrespective of cost. Because the certificate is allegedly subject to more than one interpretation, White asserts that it is ambiguous and, under Mississippi law, should be construed in favor of the insured.

The interpretation of an insurance policy presents a question of law for the Court to decide. *See Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 429 (5th Cir. 2007); *see also Progressive Gulf Ins. Co. v. Dickerson and Bowen, Inc.*, 965 So. 2d 1050, 1054 (Miss. 2007). Under Mississippi law, insurance policies are to be interpreted under the rules of construction generally applicable to written contracts, and must be enforced as written where they are clear and unambiguous. *See Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07cv568, 2008 WL 2699775, at * 2 (S.D. Miss. July 2, 2008)*(citing Farmland Mutual Insurance Co. v. Scruggs*, 886 So. 2d 714, 717 (Miss. 2004)). A contract for insurance is to be read as a whole, giving effect to all of its provisions. *See Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998)(applying Mississippi rules for construction of insurance policies). In so doing, "[a]ll parts [of a policy] must be harmonized as much as reasonably possible, and no part or word can be stricken unless the result is fairly inescapable." *Mississippi Farm Bureau Mut. Ins. Co. v. Walters*, 908 So. 2d 765, 769 (Miss. 2005). Where, however, the policy's terms are ambiguous, such ambiguity is to be resolved in favor of the insured and against the insurer who drafted the contract. *See Centennial*,

149 F.3d at 382-83.

The Court is of the opinion that the Benefit Schedule clearly sets forth a $2,500.00 limit of liability per calendar year for outpatient services as "Covered Services." There is no dispute that covered medical services include hospital services and health care practitioner services. Nor is there any dispute that White sought and was denied payment in excess of $2,500.00 per calendar year for treatment rendered pursuant to these services. That certain services identified in the "Covered Medical Services" subsection of the certificate explicitly limit payment to the outpatient calendar year maximum does not change this result. Under Mississippi law, the Court is required to "read the contract as a whole, so as to give effect to all its clauses." *Provident Life and Acc. Ins. Co. v. Goel*, 274 F.3d 984, 992 (5th Cir. 2001) (*quoting Brown v. Hartford Ins. Co.*, 606 So. 2d 122, 126 (Miss. 1992)).

A plain reading of the policy compels the conclusion that the introductory paragraph contained in the "Covered Medical Services" subsection limits payment for all covered medical services identified therein, including those not individually restricting payment to the outpatient calendar year maximum, to the "Rate of Payment up to the Out-of-Pocket Limit and subject to the Calendar Year and Lifetime Maximum Benefit." Certificate at "Covered Medical Services" p. 13, attached as Ex. "A" to Pl.'s Compl. The Benefit Schedule clearly limits outpatient services to "$2,500 Maximum Benefit per Calendar Year for each Insured." *Id.* at "Benefit Schedule." Time's yearly liability for covered outpatient services, including

hospital and healthcare practitioner services, is therefore limited to $2,500.00.

III. CONCLUSION

Based upon the foregoing, Time's predecessor Fortis issued health insurance certificate No. 0058461251, to White effective June 1, 2005. The certificate limits Time's liability for covered outpatient services to $2,500.00 per year. Because hospital services and healthcare practitioner services are covered outpatient services pursuant to the certificate, White is entitled to reimbursement from Time for treatments rendered pursuant to these services in the amount of $2,500.00 per year. The Court finds that Plaintiff Time's Motion should be granted, and that White's Counterclaim should be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [41] of Plaintiff Time Insurance Company ("Time"), for Judgment on the Pleadings, filed in the above captioned cause on or about August 18, 2008, should be and is hereby **GRANTED**. Time is entitled to, and will be granted, judgment on the claims in its Complaint, and White's Counterclaim against Time is hereby dismissed, with prejudice.

**SO ORDERED AND ADJUDGED**, this the 10th day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE