# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIME INSURANCE COMPANY** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:08cv16HSO-JMR |
| | § | |
| **LARRYE J. WHITE** | § | **DEFENDANT** |
| | | |
| **LARRYE J.WHITE** | § | **THIRD-PARTY PLAINTIFF** |
| | § | |
| v. | § | |
| | § | |
| **ALBERT W. SMALL** | § | **THIRD-PARTY DEFENDANT** |

## ORDER AND REASONS GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD-PARTY DEMAND

BEFORE THE COURT is the Motion [80] of Third-Party Defendant, Albert W. Small, to Dismiss Third-Party Demand, filed on or about November 19, 2008, in the above captioned cause. No Response was filed. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be granted.

I. FACTUAL AND PROCEDURAL HISTORY

Invoking this Court's diversity jurisdiction, Plaintiff Time Insurance Company ("Time") filed its Complaint on or about January 16, 2008, seeking a declaration of its contractual rights and obligations pursuant to a health insurance certificate issued to Defendant Larrye J. White. *See* Compl. ¶ 2. Defendant White answered on or about March 27, 2008, asserting a Counterclaim against Time. *See* White's Answer and

Countercl. On or about May 20, 2008, White filed a Third-Party Complaint against Albert W. Small, the insurance agent who procured the subject health insurance certificate. *See* Third-Party Compl. Small filed an Answer on or about June 25, 2008, asserting Cross-claims and/or Counterclaims against both White and Time. By Order [85] dated December 10, 2008, the Court dismissed Small's claims against Time. By Order [86] dated December 10, 2008, the Court granted judgment in favor of Time on its Complaint and dismissed White's Counterclaim against it. The only remaining claims are those asserted between Defendant/Third-Party Plaintiff White and Third-Party Defendant Small. In his Motion, Small seeks dismissal of White's Third-Party Complaint on grounds that it was improperly filed pursuant to Federal Rule of Civil Procedure Rule 14(a).

## II. DISCUSSION

Rule 14(a) of the Federal Rules of Civil Procedure states, in part, that

> [a] defending party, as third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

FED. R. CIV. P. 14(a).

According to Small, because Plaintiff Time filed a declaratory action against White, White has no claim against Small for which he may be liable since Time's Complaint sought a determination of coverage under a health insurance certificate. Thus, Small maintains that "[t]here is nothing being sought by Time from White that Al Small could possibly be held liable to White for." Mem. in Supp. of Mot. at 1.

The "use of the word 'claim' in Rule 14 avoids the narrow concepts of 'cause of action' and employs instead the idea of the claim as a group of operative facts giving occasion for judicial action." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967); *see also Burlington Ins. Co. v. BAL Enterprises, LLC*, No. 2:07cv127, 2008 WL 2477466, at * 2 (S.D. Miss. June 17, 2008). Impleader pursuant to Rule 14(a) is proper "'to reduce litigation by having one lawsuit do the work of two'" where "the defendant's right against the third party is merely an outgrowth of the same core of facts which determines the plaintiff's claim." *Id.* (*quoting Falls Indus., Inc. v. Consolidated Chem Indus., Inc.*, 258 F.2d 277, 283 (5th Cir. 1959)). "[T]he Fifth Circuit has admonished the courts to be 'cognizant of the obverse rule,..., that an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim." *Burlington*, 2008 WL 2477466, at *3 (*quoting Grasso*, 380 F.2d at 751).

> The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be 'liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff.' Stating the same principle in different words, other authorities declare that the third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery,..., or that the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant....

*Grasso*, 380 F.2d at 751.

This Court has recently determined that a third-party complaint was

-3-

improperly filed pursuant to Rule 14(a) under facts similar to those present here. *See Burlington*, 2008 WL 2477466 (finding improper pursuant to Rule 14(a) an insured's third-party complaint against an insurance agent for failing to procure insurance where the insurance carrier filed the original action seeking a determination of coverage owed the defendant/third-party plaintiff). In line with *Burlington*, the Court is persuaded that White's claim against Small is a separate and independent claim from that asserted by Time against White. While the potential liability of Small arises from the same set of general facts as the main claim between Time and White, the proof required for a coverage determination on the health insurance certificate differs greatly from that required to determine Small's potential liability on White's claims for failure to procure insurance, breach of fiduciary duty, and negligent misrepresentation. Under the facts of this case, Small cannot be held liable for the claims asserted by Time against White.

Alternatively, the Court, *sua sponte*, declines to exercise supplemental jurisdiction pursuant to § 1367 of title 28 of the United States Code over the third-party claims in this case. *See Chiasson v. Karl Storz Endoscopy-America, Inc.*, 68 F.3d 472, at *1 (5th Cir. 1995) (*"*Jurisdictional issues can be raised by the parties or by the court *sua sponte* at any time."). Where a district court has original jurisdiction over a cause of action, it has discretion to exercise supplemental jurisdiction pursuant to § 1367 over all other claims so related to the action that they form the same case or controversy. *See* 28 U.S.C. § 1367. Section 1367(c), however, provides for discretionary abstention where the claims giving rise to original jurisdiction have

been dismissed or are otherwise eliminated from a case prior to trial. *In re TXNB Internal Case*, 483 F.3d 292, 301 n.15 (5th Cir. 2007); *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455 (5th Cir. 2001) (district courts may decline to exercise supplemental jurisdiction when all claims giving rise to federal jurisdiction have been dismissed); *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). This is true whether original jurisdiction is founded upon federal question, diversity, or admiralty. *See In re TXNB Internal Case*, 483 F.3d at 301 n.15.

This Court had original jurisdiction over this lawsuit pursuant to diversity jurisdiction, § 1332 of title 28 of the United States Code, as complete diversity existed between Plaintiff Time and Defendant White. By Order [86] dated December 10, 2008, the claims between the diverse parties, Time and White, were resolved. The only claims remaining in this lawsuit are state law claims between White and Small.[1] Because both White and Small are residents of Mississippi, an independent basis for subject matter jurisdiction is lacking and the Court can only adjudicate the third party claims by exercising supplemental jurisdiction.

In determining whether to exercise jurisdiction over pendent state law claims, "a federal court should consider and weigh in each case, and at every stage of the

---

[1]White's Third-Party Complaint asserts claims for failure to procure proper insurance, breach of fiduciary duty, and negligent misrepresentation against Small. Small's Cross-claim and/or Counterclaim against White contends that White knew or should have known that the claims against Small were unreasonable and unsupported by the facts and that White is liable for Small's resulting damages, including "(a) worry, anxiety, and mental anguish, (b) legal fees and expenses, (c) loss of time and the inconvenience of unnecessary involvement in this suit, and (d) such other injuries." Small's Cross-cl. and/or Countercl. at ¶ 2-3.

litigation, the values of judicial economy, convenience, fairness, and comity...." *Third Party Advantage Administrators, Inc. v. J.P. Farley Corp., et al.*, No. 3:06cv534, 2006 WL 3445216, at *9 (N.D. Tex. Nov. 27, 2006) (*quoting Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). The Fifth Circuit has cautioned that if these factors are not present, federal courts should "hesitate to exercise jurisdiction over state claims." *Parker & Parsley Petroleum v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992). "Needless decisions of state law should be avoided both as a matter of economy and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *Id.* It is appropriate for courts to decline the exercise of supplemental jurisdiction over pendent claims where "all that remains in a case is a third party claim based only on supplemental jurisdiction and where few resources of the parties or the court have been expended in prosecuting the third party complaint...." *Third Party Advantage*, 2006 WL 3445216, at * 9 (*citing Exxon Corp. v. Presidio Energy, Inc.*, No. 92-2231, 1993 WL 329986, at *1 (E.D. La. Aug. 20, 1993)).

Limited discovery has occurred in this case and trial is not scheduled to commence for another six months. Though the Court has issued Orders resolving several motions, none have addressed the merits of White's Third-Party Complaint against Small, or Small's claim against White, in any substantive manner. Upon review of the record, and having considered the relevant law, this Court is of the opinion that it would be inappropriate to exercise supplemental jurisdiction here, and that the state courts are the proper forum for resolution of the pendent state law claims.

## III. CONCLUSION

Based upon the foregoing, the Third-Party Complaint does not comport with Federal Rule of Civil Procedure 14(a).  Furthermore, the Court *sua sponte* declines to exercise supplemental jurisdiction, pursuant to § 1367 of title 28 of the United States Code, over the third-party claims between White and Small.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [80] of Third-Party Defendant, Albert W. Small, to Dismiss Third-Party Demand, filed in the above captioned cause on or about November 19, 2008, should be and is hereby **GRANTED**.  The Third-Party Complaint filed by Larrye J. White, on or about May 20, 2008, is hereby dismissed, without prejudice.  Similarly, Small's Cross-claim and/or Counterclaim against White should be and hereby is dismissed, without prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is dismissed, and all pending Motions are hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 10th day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE